IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE STANDARD FIRE INSURANCE )
COMPANY, )
        Plaintiff, )
v. ) Civil Action No. 3:12CV181-HEH
CHRISTOPHER ARMSTRONG, )
        Defendant. )

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Dismiss)**

This matter is presently before the Court on Defendant Christopher Armstrong's Motion to Dismiss. Plaintiff The Standard Fire Insurance Company ("Plaintiff") filed this action against Christopher Armstrong ("Defendant") seeking a declaration of its rights, duties, and obligations under a marine insurance policy issued to Defendant. Specifically, Plaintiff seeks a judgment declaring that it is not obligated to provide insurance coverage to Defendant for damages he caused when his boat collided with an anchored sailboat. Defendant now moves to dismiss Plaintiff's claim arguing that, pursuant to Virginia law, the matter is not yet ripe for adjudication.[1] The matter has been fully briefed by both parties.

---

[1] Although Defendant has filed his motion under Fed. R. Civ. P. 12(b)(6), the issue of ripeness is jurisdictional in nature. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 n.8 (2007) (citations omitted) (explaining the concept of "ripeness" as an issue of satisfying the case-or-controversy requirement of Article III). Therefore, the proper vehicle for raising the issue is a motion challenging subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Here, the distinction is immaterial because the parties' jurisdictional arguments rely entirely on the allegations, thus presenting a motion governed by substantially the same standard of review as a motion made under Rule 12(b)(6). *See*

The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons set forth herein, the Motion will be denied.

## I. BACKGROUND

Because Defendant challenges jurisdiction on the pleadings alone, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to it. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Viewed through this lens, the allegations are as follows.

Plaintiffs' claim for a declaratory judgment arises out of a boating accident involving Defendant's 44' Silverton Motor Yacht and a 47' sailing vessel. (Compl. at ¶ 2.) At the time of the accident, Defendant's yacht was insured under a policy of marine insurance (the "Policy") with Plaintiff. (*Id.* at ¶ 1.) The Policy contained a provision stating that "[Plaintiff does] not cover any loss, damage, injury or expense that occurs while any insured is engaged in any dishonest or illegal act, regardless of whether such person is convicted of such act by a criminal court." (*Id.* at ¶ 10.)

On July 14, 2011, Defendant was operating his yacht in the Fishing Bay along the coast of Middlesex County, Virginia, when he collided with an anchored sailing vessel. (*Id.* at ¶¶ 14-15.) The sailing vessel, owned by Carol and Alan Herrle, sustained significant damage including a 10-12' hole in the starboard side of the vessel. (*Id.* at ¶ 15.) The parties reported the accident to the Virginia Marine Police. After administering a field sobriety test,

---

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (assuming the truth of jurisdictional allegations when jurisdiction is challenged on the pleadings). Accordingly, the Court will treat the motion as one challenging jurisdiction under Rule 12(b)(1), as opposed to a motion challenging the sufficiency of the pleadings under Rule 12(b)(6).

and obtaining Defendant's blood alcohol content (BAC), the U.S. Coast Guard accompanied Defendant's yacht to the marina and placed him in investigative detention (*Id.* at ¶ 16.) The Virginia Marine Police subsequently arrested Defendant on July 15, 2011 for operating a motorboat under the influence. (*Id.* at ¶ 17.)

Shortly after the accident, Plaintiff received a demand for payment in the amount of fifty five thousand dollars for damage incurred by the sailing vessel. On January 13, 2012, it issued a letter to Defendant declining coverage based upon the Policy's "Dishonest and Illegal Acts" exclusion. Specifically, Plaintiff contends that Defendant was operating his boat under the influence of alcohol and/or other drugs, thus triggering the exclusion. (*Id.* at ¶¶ 17, 19.)

Plaintiff subsequently filed suit in this Court on March 9, 2012, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a) and invoking this Court's admiralty jurisdiction.[2] Plaintiff seeks the entry of a judgment finding "that it has no obligation to provide insurance coverage pursuant to the Policy for the losses that resulted" from the collision at issue. (*Id.* at ¶ 23.) Defendant moves to dismiss Plaintiff's Complaint, asserting that the claim is not yet ripe for adjudication under Virginia insurance law.

---

[2] The Court takes judicial notice that Fishing Bay is a navigable water of the United States. *See Flath v. Bombardier, Inc.*, No. 99-2519, 2000 U.S. App. LEXIS 15894, at *8-9 (4th Cir. July 10, 2000) (approving of a district court decision to take judicial notice of admiralty jurisdiction involving a particular body of water); *Irby v. Roberts*, 504 S.E.2d 841, 842 (Va. 1998) ("The Piankatank River and Fishing Bay are tidal, navigable bodies of water"). Because the collision giving rise to this case occurred on the navigable waters of the United States, admiralty jurisdiction is properly invoked under 28 U.S.C. § 1333. *See In re Lockheed Martin Corp.*, 503 F.3d 351, 352 (4th Cir. 2007) (recognizing admiralty jurisdiction for insurance coverage dispute involving accident on navigable waters).

## II. STANDARD OF REVIEW

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Adams*, 697 F.2d at 1219; *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). Ultimately, the plaintiff bears the burden of proof to preserve jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III. DISCUSSION

In the instant motion, Defendant moves to dismiss Plaintiff's claim for a declaratory judgment, arguing that the claim is not ripe for adjudication. Citing *Anthem Cas. Ins. Group Affirmative Ins. Co. v. Roberts*, 49 Va. Cir. 154 (1999), Defendant argues that pursuant to Virginia's insurance laws, the existence of a duty to defend cannot be ascertained until an underlying lawsuit has been initiated.[3] (Def.'s Br. Sup. R. 12(b)(6) Mot. Dismiss at 6.) Plaintiff counters that federal standards apply to determine whether this Court may exercise jurisdiction over this declaratory judgment action.

While both parties devote a considerable amount of time in their briefs to Virginia law, federal standards govern federal courts' determination of the propriety of declaratory

---

[3] While Defendant goes to great lengths to explain that Virginia law applies to the construction of the insurance policy, that issue has no bearing on the jurisdictional ripeness inquiry. *See MedImmune*, 549 U.S. at 128 n.8 (citations omitted) (explaining the concept of "ripeness" as an issue of satisfying the case or controversy requirement of Article III).

relief under the Declaratory Judgment Act. *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797 (1985); *Miller v. Augusta Mut. Ins. Co.*, 157 Fed. App'x 632, 636 (4th Cir. 2005) (citing *White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990) ("Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts"). Thus, it is irrelevant whether Virginia's courts would entertain a declaratory judgment action under the circumstances of this case.[4]

The Declaratory Judgment Act authorizes jurisdiction if the Article III case-or-controversy requirement is satisfied. 28 U.S.C. § 2201(a); *Miller*, 157 Fed. App'x at 636-37. Unlike some other jurisdictional grants, which may be mandatory, "[a] federal court has the discretion to entertain a declaratory judgment action when it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue; and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 966 (4th Cir. 1994) (citation and internal quotation marks omitted). Although discretionary, "a district court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004) (quoting *Cont'l Cas. Co.*, 35 F.3d at 965).

The Supreme Court has stated that the case-or-controversy requirement is met where "the facts alleged, under all the circumstances, show that there is a substantial controversy,

---

[4] Nevertheless, it appears that Virginia courts would reach the same result, permitting a declaratory judgment action to proceed under similar circumstances. *See Reisen v. Aetna Life & Cas. Co.*, 302 S.E.2d 529, 533 (Va. 1983) (citation omitted) ("[S]everal courts have failed to observe that even a potential claim . . . is sufficient to cause fear and jeopardy and thus to warrant the institution of an action for a declaration of non-liability").

5

between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (citation omitted). The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* Moreover, the dispute must be "real and substantial," such that a court may provide "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (citations and internal quotation marks omitted).

Although no lawsuit has yet been filed by those injured in the subject boat accident, the dispute is sufficiently concrete to satisfy Article III's case-or-controversy requirement. Regardless of whether any additional litigation ensues, Defendant has already invoked his rights under an insurance contract by submitting a claim to Plaintiff as his insurer. Thus, the dispute involves a "real and substantial" set of facts, as opposed to a hypothetical situation. The Fourth Circuit has recognized that in certain circumstances, the threat of future litigation may give rise to an actual controversy. *Volvo Constr. Equip. N. Am.*, 386 F.3d at 593 n.12 (citing *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563 (11th Cir. 1995)). Similarly, by denying coverage, Plaintiff has disputed Defendant's contractual rights while placing itself in a position legally adverse to that of Defendant. *MedImmune*, 549 U.S. at 127 (citation omitted). Thus, the dispute before the Court satisfies the case-or-controversy requirement such that the Court may exercise jurisdiction pursuant to the Declaratory Judgment Action.[5]

---

[5] Although neither the Supreme Court nor the Fourth Circuit has addressed whether a denial of coverage meets the case-or-controversy requirement in the absence of separate litigation, this Court has previously found that such situations meet the

Finding that it may appropriately exercise jurisdiction over the matter, the Court may then consider whether there exists any persuasive reason to decline to do so. Beyond the issues already addressed, Defendant offers no good reason to refrain from exercising subject matter jurisdiction and the Court is aware of none. There exists a legitimate dispute over insurance coverage that the Court may resolve through "specific relief . . . of a conclusive character" defining the parties' rights under the Policy. *Id.* (citations and internal quotation marks omitted). Such relief is appropriately sought under the Declaratory Judgment Act.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be denied. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 28, 2012
Richmond, Virginia

---

requirements. *See Firemen's Ins. Co. v. Kline & Son Cement Repair, Inc.*, 474 F. Supp. 2d 779 (E.D. Va. 2007). That decision is consistent with the Court's conclusion herein.

7